**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4450

WINSOME MITCHELL,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 97-4451

MICHAEL CHARLES JONES,
Defendant-Appellant.

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Charles H. Haden II, Chief District Judge, sitting by designation.
(CR-96-123-MU)

Submitted: November 18, 1997

Decided: December 5, 1997

Before MURNAGHAN and HAMILTON, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Marshall A. Swann, Charlotte, North Carolina; Aaron E. Michel, Charlotte, North Carolina, for Appellants. Mark T. Calloway, United States Attorney, Gretchen C.F. Shappert, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Winsome Mitchell appeals her conviction and sentence of conspiracy to possess with intent to distribute cocaine and cocaine base (21 U.S.C. § 846 (1994)). Co-defendant Michael Charles Jones appeals his convictions and sentences of conspiracy to possess with intent to distribute cocaine and cocaine base, aiding and abetting the possession of a firearm in relation to a drug trafficking crime (18 U.S.C. §§ 924(c), 2 (1994)), aiding and abetting the possession with intent to distribute cocaine base (21 U.S.C. § 846(a)(1), 18 U.S.C. § 2), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g) (1994)). We affirm.

Appellants and seven others were indicted on numerous narcotics and weapons offenses based upon involvement in a crack cocaine distribution ring. Mitchell transported cocaine from New York City to be sold in the Charlotte, North Carolina area. Jones distributed some of the crack cocaine and was also involved with others in robbing local drug dealers for their drugs and money.

Mitchell attacks the sufficiency of the evidence to support her conviction. Her non-custodial statement clearly showed that she was involved in a conspiracy to distribute crack cocaine. See United States v. Burgos, 94 F.3d 849, 857 (4th Cir. 1996) (en banc), cert. denied,

2

___ U.S.___, 65 U.S.L.W. 3586 (U.S. Feb. 24, 1997) (No. 96-6868). Furthermore, there was substantial corroborative evidence supporting the essential elements admitted in her statement that would justify an inference of truth. See Opper v. United States , 348 U.S. 84, 90 (1954). Accordingly, we find sufficient evidence to support her jury conviction. See Glasser v. United States, 315 U.S. 60, 80 (1942).

Jones likewise challenges the sufficiency of the evidence as to his convictions. Here, there was substantial evidence, mostly provided by his co-conspirators, that Jones was involved in a conspiracy to distribute narcotics, that he possessed narcotics with intent to distribute, and that he used a gun in furtherance of the conspiracy. Thus, evidence was sufficient to support Jones's convictions as well.

Jones also contends that Mitchell's extrajudicial statement was admitted in violation of his rights under the Confrontation Clause as articulated in Bruton v. United States, 391 U.S. 123 (1986) (holding that the admission of a non-testifying co-defendant's statement inculpating the defendant by name violated the defendant's Confrontation Clause rights), and that the court erred in not giving the jury a limiting instruction. The unredacted statement did not refer to Jones by name. Insofar as Jones contends that the statement physically described him because it referred to a black man with a gold tooth, there was no evidence that Jones had a gold tooth, nor did he testify. Furthermore, when the description is considered with other evidence, it is clear that Mitchell was not referring to him. We conclude the statement could not be fairly understood to incriminate Jones. See United States v. Crockett, 813 F.2d 1310, 1315 (4th Cir. 1987). Because there was no Bruton problem, there was no need to give a limiting instruction.

In addition, we find that the court did not abuse its discretion in denying a motion for a new trial. See United States v. Singh, 54 F.3d 1182, 1190 (4th Cir. 1995). We also find that the court properly prohibited a defense witness to testify for the purpose of impeaching a Government witness. The Government witness was never confronted with the purported impeaching statement during cross-examination. Furthermore, we find that the court did not err in instructing the jury on the § 922(g) charge. See United States v. Wells, 98 F.3d 808, 810-11 (4th Cir. 1996).

3

Accordingly, we affirm Mitchell's and Jones's convictions and sentences. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

4